Cite as: 595 U. S. \_\_\_\_ (2021)          1

# SUPREME COURT OF THE UNITED STATES

## ARLANE JAMES, ET AL. *v.* NOAH BARTELT

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 20–997.    Decided October 4, 2021

The petition for a writ of certiorari is denied.

JUSTICE SOTOMAYOR, dissenting from denial of certiorari.

On May 24, 2011, Willie Gibbons was shot and killed by a police officer. It is undisputed that the officer who shot him knew that Gibbons suffered from a mental illness and that he was holding a gun to his own temple. It is also undisputed that Gibbons never threatened the officer in any way and that the encounter was over within seconds, leaving Gibbons fatally wounded. The remaining facts surrounding his tragic death are disputed, including whether Gibbons' right arm was by his side or raised in surrender, whether the officer instructed Gibbons to drop the weapon or spoke unintelligibly, and whether the officer gave Gibbons a chance to comply or opened fire immediately. In light of these substantial disputes of material fact, the District Court declined to grant qualified immunity to the officer on summary judgment. The Third Circuit took a different view of the facts, reversing and granting qualified immunity.

For the reasons ably set forth by Judge McKee in his dissent from denial of en banc review, the Third Circuit erred by improperly resolving factual disputes in respondent's favor and by overlooking binding precedent to conclude that he did not violate a clearly established constitutional right. See *Gibbons* v. *New Jersey State Police*, 969 F. 3d 419 (2020). I add only that qualified immunity properly shields police officers from liability when they act reasonably to protect themselves and the public. See, *e.g.,*

*White* v. *Pauly*, 580 U. S. ——, —— (2017) (*per curiam*) (slip op., at 1) (holding officer who "witnessed shots being fired by one of several individuals in a house surrounded by other officers" before shooting and killing an armed occupant of that house did not violate clearly established rights); *Plumhoff* v. *Rickard*, 572 U. S. 765, 768 (2014) (holding officers who shot the driver of a fleeing vehicle "to put an end to a dangerous car chase" were entitled to qualified immunity). It does not protect an officer who inflicts deadly force on a person who is only a threat to himself. That proposition is so "apparent" that any reasonable officer is surely "on notice" that such a use of force is unlawful. *Hope* v. *Pelzer*, 536 U. S. 730, 739 (2002) (internal quotation marks omitted).

I would grant the petition and summarily reverse the Third Circuit's judgment. I respectfully dissent from the Court's failure to do so.